1
2
3
4
5
6                      **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Bobby Dean Jones, et al.,                    No. CV-15-00215-PHX-DLR

10                      Plaintiffs,               **ORDER**

11   v.

12   Loan Correspondents Incorporated, et al.,

13                      Defendants.

14

15

16          Before the Court are Plaintiff Bobby Dean Jones, Janet Kathleen Jones, and Darrin

17   C. Lavine's Objection to Notice of Removal, (Doc. 8), Defendant MTC Financial, Inc.

18   d/b/a Trustee Corps' ("Trustee Corps") Motion to Dismiss, (Doc. 11), Defendants Bank

19   of America, N.A. ("BANA"), BAC Home Loans Servicing, LP f/k/a Countrywide Home

20   Loan Servicing, LP, and The Bank of New York Mellon f/k/a The Bank of New York

21   Mellon, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust

22   2005, IM1 Mortgage Pass-Through Certificates, Series 2005-IM1's ("BNYM")

23   (collectively, "Certain Defendants") Motion to Dismiss, (Doc. 14), and the Certain

24   Defendants' Motion to Strike Plaintiffs' Objection, (Doc. 23), which Trustee Corps has

25   joined, (Doc. 26).  The Court has considered the objection and the motions, as well as the

26   parties' responses and replies thereto and Trustee Corps' Request for Judicial Notice,

27   (Docs. 12, 18, 20, 22, 24, 25).  For the following reasons, the complaint will be

28   dismissed.

## BACKGROUND

Plaintiffs Bobby Dean Jones, Janet Kathleen Jones, and Darrin C. Lavine are Trustees for the Southwest Property Group, which is a Texas joint stock company.  (*See* Doc. 1-1 at 94.)  Although Plaintiffs' factual allegations are not entirely clear, it appears that Bobby Dean Jones and Janet Kathleen Jones (collectively, "the Joneses") originally had an interest in the property located at 1831 E. Donner Drive in Phoenix, Arizona ("the Donner Drive Property"), which they transferred to the Southwest Property Group on December 22, 2014.  (Doc. 1-1 at 98 ¶ 23.)  However, Plaintiffs allege that the Joneses are "the rightful owners of the property."  (Doc. 1-1 at 96 ¶ 14.)

On January 9, 2015, Plaintiffs filed a complaint in Superior Court of Maricopa County, bringing claims "as Trustees for the Southwest Property Group" against Loan Correspondents Inc. d/b/a Capital Funding Group, the Certain Defendants, and ReconTrust Company, N.A.  (Doc. 1-1 at 7.)  They alleged claims for breach of contract, slander of title, "void assignment of interest, assignment of deed of trust, and deed of trust," fraud, and declaratory relief relating to the non-judicial foreclosure of the Donner Drive Property.  (Doc. 1-1 at 7–22.)  That same day, Plaintiffs filed an Emergency Petition for Temporary Restraining Order and Injunctive Relief, seeking to stay, cancel, or postpone the sale of the Donner Drive Property set for January 14, 2015.  (Doc. 1-1 at 80.)  Plaintiffs amended their complaint and emergency petition on January 12, 2015, adding claims against Trustee Corps.  (Doc. 1-1 at 88–110.)  On January 14, 2015—the day of the scheduled sale—the court denied Plaintiffs' request for a restraining order.  (Doc. 1-1 at 111.)  The Certain Defendants removed the case to this Court on February 26, 2015.

Trustee Corps and the Certain Defendants have moved to dismiss the claims against them.  Plaintiffs voluntarily dismissed their claims against Loan Correspondents, Inc., (Doc. 17), and the claims against ReconTrust Company N.A. were also dismissed.

**DISCUSSION**

**I.     Subject Matter Jurisdiction & Motion to Strike**

Defendants removed the case, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Lavine, a citizen of Florida, and the Joneses, citizens of Arizona, are completely diverse from all Defendants—a point Plaintiffs do not dispute.  (*See* Doc. 8 at 6.)  However, Plaintiffs argue that removal was improper because their complaint does not specify the amount in controversy and, therefore, Defendants have not met their burden of showing that more than $75,000 is at issue.  (*Id.* at 2.)

Defendants argue that diversity jurisdiction exists because Plaintiffs seek a declaration valued in excess of $75,000.  Plaintiffs ask this Court to find that the Deed of Trust is invalid and that they own their home without any encumbrances.  (*See* Doc. 1-1 at 109.)  The Deed of Trust shows that the principal balance on the note was $176,000. (Doc. 1-1 at 26.)  By January 2015, nearly $250,000 was owed, and the Donner Drive Property was sold at a trustee sale in February 2015 for $112,000.  (Doc. 14-1 at 22–24.) With this, Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.   Therefore, this Court has jurisdiction under 28 U.S.C. § 1332.

After responding on the merits to Plaintiffs' objection to removal, the Certain Defendants filed a motion to strike Plaintiffs' objection, (Doc. 23), which Trustee Corps joined, (Doc. 26), arguing that Plaintiffs cannot make filings on behalf of Southwest Property Group because they are not licensed attorneys.  Plaintiffs' objection, however, does not appear to be brought on behalf of Southwest Property Group, but, instead, on behalf of the Joneses and Lavine individually.  The parties do not provide sufficient facts for the Court to make a determination about the citizenship of Southwest Property Group. The parties focus on the citizenship of the Joneses and Lavine, and do not provide information about who owns Southwest Property Group or about the citizenship of such owners.[1]  (*See* Doc. 1 at 2; Doc. 8 at 6.)  Accordingly, the motion to strike is denied, but

---

[1]     The Certain Defendants claim this Court has diversity jurisdiction because

1    the Court notes that it has made no determination of whether complete diversity exists if
2    Southwest Property Group is a party to this case.

3    **II.    The Motions to Dismiss**

4            The exact nature of Plaintiffs' claims is unclear due to the fact that Plaintiffs
5    purport to bring claims as Trustees of Southwest Property Group.  If Southwest Property
6    Group, a legal entity, is the proper plaintiff in this case, then it must be represented by
7    counsel.  *See Olympic Food Products, Inc. v. P&J Brands, Inc.*, No. CV 06-902-PHX-
8    JAT, 2007 WL 1655557, at *1 (D. Ariz. June 6, 2007) ("A corporation cannot appear in
9    Federal Court without counsel.") (quoting *Rowland v. Cal. Men's Colony, Unit II Men's
10   Advisory Counsel*, 506 U.S. 194, 201–02 (1993)).  Plaintiffs are not licensed attorneys
11   and, therefore, may not represent Southwest Property Group in this litigation.  Therefore,
12   to the extent that Plaintiffs bring claims on behalf of Southwest Property Group, the
13   complaint must be dismissed because Southwest Property Group can only bring claims
14   through counsel.

15           Plaintiff Darrin C. Lavine, however, suggests that he is "the real party-in-interest."
16   (Doc. 24 at 1.)  To the extent that Lavine and the Joneses are bringing claims on their
17   own behalf, their complaint fails under Rule 12(b)(6).  They affirmatively allege that
18   ownership in the Donner Drive Property was transferred to the Southwest Property
19   Group.  (Doc. 1-1 at 98 ¶ 23.)  The complaint does not explain how and why Lavine or
20   the Joneses were personally implicated in or harmed by Defendants' alleged bad acts.
21   Therefore, to the extent that the complaint brings claims on behalf of Lavine and the
22   Joneses personally, it is dismissed because they have failed to state a plausible claim for
23   relief.

24           Additionally, the Court notes that Trustee Corps and the Certain Defendants have
25   identified flaws with the claims, which will stand whether the claims belong to Southwest
26
27   the Southwest Property Group is a trust and, therefore, has the citizenship of its
     trustees—Lavine and the Joneses.  (Doc. 1 at 2.)  Plaintiffs, however, allege that the
28   Southwest Property Group is a joint stock company, not a trust.  Moreover, neither party
     explains whether the Lavine and Joneses are the only stock holders (or trustees) of the
     Southwest Property Group.

Property Group, Lavine and the Joneses, or both.  First, the complaint fails to state a claim against Trustee Corps.  A.R.S. § 33-807(E) states that a "trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust . . . If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee."  To receive the benefit of this statute, a trustee must show:  (1) that the trustee has been named as a defendant in the claim, (2) the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regulating trust deeds, and (3) the claims do not allege that the trustee breached any of his or her obligations that arise under either the deed of trust or the chapter of the Arizona Revised Statutes that regulates the deeds of trust.  *Puzz v. Chase Home Fin., LLC*, 763 F. Supp. 2d 1116, 1125 (D. Ariz. 2011).

Based on the complaint, all three elements are satisfied.  The complaint's only mention of Trustee Corps is that it "knew or should have known that the Deed of Trust was a product of fraud, that BANA nor BNYM had the authority to assign them as Substitute Trustee, that TRUSTEE CORPS is attempting to foreclose, evict Plaintiffs from their residence based on a Deed of Trust and Note that are the product of fraud and of no legal force or effect."  (Doc. 1-1 at 108 ¶ 86.)  These allegations relate to Trustee Corps' authority to act because of alleged irregularities with the DOT and do not suggest that Trustee Corps breached any of its duties.  Therefore, based on the allegations in the complaint, Trustee Corps is entitled to the protection of A.R.S. § 33-807(E).

Second, as alleged, the claims against the Certain Defendants are barred because the Donner Drive Property was sold by a trustee's sale on January 15, 2015.  (Doc. 14-1 at 22.)  A.R.S. § 33-811(C) provides that "[i]f a trustor fails to obtain injunctive relief and a trustee's sale is completed, she waives all claims to title of the property."  *Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 218 ¶ 12, 311 P.3d 237, 240 (Ct. App. 2013).

1

## CONCLUSION

2      The complaint must be dismissed because, to the extent the claims are brought by

3  Southwest Property Group, they must be brought by counsel, and, to the extent that they

4  are brought by Lavine and the Joneses, they fail to state a claim upon which relief can be

5  granted.  Accordingly,

6      **IT IS ORDERED granting** Defendant Trustee Corps' Motion to Dismiss (Doc.

7  11).

8      **IT IS FURTHER ORDERED granting** the Certain Defendants' Motion Dismiss

9  (Doc. 14).

10     **IT IS FURTHER ORDERED denying** the Certain Defendants' Motion to Strike

11  (Doc. 23).

12     Dated this 4th day of May, 2015.

13

14

15

16

17  Douglas L. Rayes
United States District Judge

18

19

20

21

22

23

24

25

26

27

28